**Mohamed KAMARA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75508.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 23, 2007.

Victoria J. Dobrin, Esq., Dobrin & Han, LLC, Seattle, WA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Sam E. Taylor, Jr., Esq., Dallas, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Mohamed Kamara, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We review for substantial evidence, *Knezevic v. Ashcroft*, 367 F.3d 1206, 1210–11 (9th Cir.2004). We grant the petition and remand in part, and deny the petition in part.

The BIA found that even assuming that Kamara established past persecution, the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

record showed that Kamara could relocate within Sierra Leone. Substantial evidence does not support this finding because the BIA failed to consider the reasonableness of the relocation, including: whether Kamara would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic or judicial infrastructure; geographical limitations; and social and cultural constraints, such as age, gender, health, and social and familial ties. *See id.* at 1214–15; *see also* 8 C.F.R. § 1208.13(b)(3); *Melkonian v. Ashcroft,* 320 F.3d 1061, 1069–70 (9th Cir.2003). Because of our resolution of this claim, we need not address Kamara's related due process claim.

The record does not compel a finding that Kamara is eligible for a humanitarian grant of asylum based on either the severity of the past harm, or the possibility of suffering other serious harm upon removal to Sierra Leone. *See Belayneh v. INS,* 213 F.3d 488, 491 (9th Cir.2000); *see also* 8 C.F.R. § 1208.13(b)(1)(iii).

Because Kamara failed to address CAT in his opening brief, this claim is waived. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996).

We remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION GRANTED and REMANDED in part, DENIED in part.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.